## CIRCUIT COURT OF AMHERST COUNTY

Northern Piedmont
Federal Credit Union

   v.

Linda Susan Newcomb *et al.*

March 21, 2014

Case No. CL13008929

By Judge J. Michael Gamble

I am writing this letter to furnish my opinion on the motion of National Credit Union Association ("NCUA") to intervene in this matter. In this regard, I grant that motion.

NCUA moves pursuant to Rule 3:14 to intervene in this case. Under Rule 3:14 a new party may seek leave of court to intervene in a civil case "to assert any claim or defense germane to the subject matter of the proceeding." NCUA bases its motion to intervene on the provisions of 12 U.S.C. § 1787. This relatively long code section sets forth the authority of NCUA to liquidate or appoint a liquidating agent for a bankrupt or insolvent credit union. This code section basically mirrors the authority of the Federal Deposit Insurance Corporation ("FDIC") to liquidate bankrupt or insolvent banks. *See* 12 U.S.C. § 1821.

Under 12 U.S.C. § 1787(b)(2)(A)(i), NCUA succeeds to "all rights, titles, powers, and privileges of the credit union and of any member, account holder, officer, or director of such credit union . . . and the assets of the credit union." Under 12 U.S.C. § 1787(b)(13)(D)(i), it is provided that "no court shall have jurisdiction of . . . any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any credit union for which the board has been appointed liquidating agent, including assets the board may acquire from itself as such liquidating agent." Further, 12 U.S.C. § 1787(h) provides that a director or officer of a credit union may be held personally liable for many damages in any civil action "for gross negligence, including in similar kind of conduct that demonstrates

a greater disregard of duty of care [than gross negligence], including intentional tortious conduct, as such terms are defined and determined under applicable state law." Last, 12 U.S.C. § 1787(i) addresses damages related to any claim against a credit union's "director, officer, employee, agent, attorney, accountant, appraiser, or any other party employed by or providing services to an insured credit union. . . ."

The above code sections indicate with abundant clarity that the NCUA succeeds to all assets of a credit union upon bankruptcy or insolvency. Further, under the provisions of 12 U.S.C. § 1787(h) and (i), it is clear that claims against credit union officers and employees are assets of the credit union.

The instant litigation is basically an action to recover damages as a result of the alleged defalcation of an officer and two employees of the Lynrocten Federal Credit Union ("Lynrocten"). Ms. Newcomb was an officer of Lynrocten, and Ms. Nichols and Ms. Humphries were employees of Lynrocten. Northern Piedmont Federal Credit Union argues that *Howard v. Haddad*, 916 F.2d 167 (4th Cir. 1990), and *F.D.I.C. v. Jenkins*, 888 F.2d 1537 (11th Cir. 1989), are controlling authority in this case. Clearly in *Howard*, the Fourth Circuit "expressly" adopted the analysis in *F.D.I.C. v. Jenkins*. *Howard*, 916 F.2d at 170. In *Jenkins*, shareholders of a failed bank filed state lawsuits against bank-related defendants alleging securities fraud, common law fraud, civil conspiracy, and negligence. The FDIC filed an action in the United States District Court requesting a declaratory judgment that the FDIC had priority over the claims of the shareholders. The District Court ruled in favor of the FDIC, but was reversed by the Court of Appeals. The Court of Appeals held that the shareholders were not seeking to collect assets of the failed bank but were proceeding against third-parties and non-derivative shareholder suits. *F.D.I.C. v. Jenkins*, 888 F.2d at 1545.

While I am cognizant that the United States Court of Appeals for the Fourth Circuit has not issued a decision contrary to *Howard*, I find that the provisions of 12 U.S.C. § 1787 require that I find that the causes of action against the Defendants in this case are assets of Lynrocten. As noted above, 12 U.S.C. § 1787(h) and (i) clearly anticipates that legal action may be brought against both officers and employees of a credit union. Accordingly, I find that the claim or action in this lawsuit constitutes an asset of the credit union under 12 U.S.C. § 1787(b)(13)(D)(i). Because this litigation concerns an asset of Lynrocten, no court has jurisdiction over this cause of action until NCUA completes its liquidation process.

Further, I find that NCUA has a claim or defense which is germane to this proceeding as required by Rule 3:14. NCUA may intervene.